IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GORE TRUCKING, INC.; et al.                                      PLAINTIFFS

vs.                                                    No. 3:04CV213-D-A

DETROIT DIESEL CORPORATION; et al.                              DEFENDANTS

<u>OPINION GRANTING MOTION TO REMAND</u>

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Benton County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiffs, who are six separate Mississippi trucking companies, are purchasers and owners of heavy duty tractor trucks equipped with diesel engines designed and manufactured by the Defendant Detroit Diesel Corporation; the subject trucks were purchased at various times from one or more of the four other Defendants. The Plaintiffs filed this action in the Circuit Court of Benton County, Mississippi, on August 31, 2004, asserting various state law claims against the Defendants and seeking to recover compensatory and punitive damages; in their complaint, the Plaintiffs state, *inter alia*, that the subject trucks' engines were defectively designed and manufactured. The Defendants removed the action to this court on November 26, 2004, on the basis of diversity jurisdiction, alleging that the sole in-state Defendant, Waters Truck & Tractor Company, Inc., has been fraudulently joined by the Plaintiffs in order to defeat diversity. The Plaintiffs subsequently motioned the court to remand this matter to state court.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs and the Defendant Waters Truck & Tractor Company, Inc. (Waters) are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined Waters in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Waters has not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is citizen of same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a

non-diverse party has been fraudulently joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either actual fraud in the pleading of jurisdictional facts, or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003).

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse Defendant's] liability on the pleaded claims in state court." <u>Travis</u>, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. <u>Hart</u>, 199 F.3d at 246.

Likewise, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiffs will be able to state a claim against the allegedly fraudulently joined Defendant. <u>Rodriguez</u>, 120 F.3d at 591; <u>see also</u> <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100, 106 (5th Cir. 1996); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is

no reasonable possibility that the Plaintiffs will be able to state a claim against Waters in state court. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## C. Discussion

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). In the case at bar, the Plaintiffs allege that the Defendant Waters is liable for, *inter alia*, concealing the defective manufacture and inferior quality of the subject trucks' engines from the Plaintiffs, and thereby fraudulently misrepresenting the nature of the engines. See Amended Complaint, para. 34.

Under Mississippi law in effect at the time this lawsuit was filed, the manufacturer or seller of a product may be held liable for damages caused by that product if the product was designed in a defective manner, deviated in a material way from the manufacturer's specifications, failed to contain adequate warnings or instructions to the consumer, or is sold in a defective condition unreasonably dangerous to the consumer or to his property. See Miss. Code Ann. § 11-1-63 (1993 version); Scordino v. Hopeman Bros., Inc., 662 So.2d 640, 642-43 (Miss. 1995); O'Flynn v. Owens-Corning Fiberglas, 759 So.2d 526, 530-31 (Miss. Ct. App. 2000).[1] Here, the Plaintiffs have alleged,

---

[1] The parties argue over the applicability of Miss. Code Ann. § 11-1-64 to the facts of this case. At the time this suit was filed, Section 11-1-64 provided for the dismissal of products liability defendants whose liability was based *solely* on their status as sellers in the stream of commerce. Section 11-1-63, however, as it read at the time this suit was filed, provided for the imposition of liability on both sellers and manufacturers if they were negligent. Upon review of the subject statutes, the court finds that Section 11-1-64's dismissal provisions do not apply to the facts of the case *sub judice*; rather, Section 11-1-63, in its pre-September 1, 2004, incarnation, applies because Water's potential liability is not based *solely* on its *status* as a seller of a defective product, but rather is based on its own, independent, purported negligent conduct.

in detail, that the Defendant Waters fraudulently concealed the defective manufacture and inferior quality of the subject trucks' engines from the Plaintiffs. <u>See</u> Complaint at para. 34.

In accordance with the above-cited authorities, the court finds that the Plaintiffs' allegations are sufficient to potentially state a cause of action against Waters in Mississippi state court. Accordingly, the court finds that the Defendants have failed to meet their burden of demonstrating that there is no reasonable possibility that the Plaintiffs will be able to establish a cause of action against Waters in state court.

### D.   Conclusion

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises a reasonable possibility that they could succeed in establishing a tort claim against the Defendant Waters Truck & Tractor Company, Inc. under Mississippi law. Accordingly, Water's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. Its presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Benton County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 20th day of June 2005.


/s/ Glen H. Davidson
Chief Judge

_____

alleged in paragraph 34 of the Plaintiffs' complaint.